UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH BELL,                    )
                                )
        Petitioner,             )
                                )   CAUSE NO. 3:17CV270-PPS/MGG
    v.                          )
                                )
SUPERINTENDENT,                 )
                                )
        Respondent.             )

OPINION AND ORDER

Joseph Bell, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing in which a Disciplinary Hearing Officer found him guilty of attempted trafficking in violation of Indiana Department of Correction rules A-111 and A-113. The finding of guilt led to the loss of 120 days earned credit time and a demotion in credit class. ECF 5-6.

Bell argues that there was insufficient evidence to have found him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). There only needs to be "some evidence" to support the decision. Indeed, courts have gone so far as to say that "even

meager proof will suffice. . . " *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Bell was charged with a violation of IDOC rule A-111 which is defined as "[a]ttempting or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf). He was also charged with a violation of IDOC rule A-113 which is defined as "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Indiana law defines "trafficking" as follows:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
> (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
> (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
> (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

Ind. Code § 35-44.1-3-5 (West).

Let's start with the Conduct Report, which charged Bell with the following:

> Lamonica Radford was stopped by police and admitted she was Conspiring to traffic narcotics "synthetic marijuana" in the ISF prison by dropping in the Lieber Park so a Labor line worker could smuggle it in to Offenders Durant and Joseph Bell[.]
> Radford is believed credible because she implicated herself in a crime.
> Offender ~~Pitchord~~ Bell is in violation of ADP code 111/113 Violation of Law/Trafficking with an Inmate.

ECF 5-1 (amendment in original). Here's what the Report of Investigation says:

2

> Lamonica Radford admitted to police that she was conspiring with Offenders Michael Durant #966317, Joseph Bell #121260 to smuggle narcotics "synthetic marijuana" into the ISP prison.
> Radford is believed credible because she implicated herself in a crime. Durant was interviewed and admitted to me that Offender David Hunter # 194461 was the Offender on the Labor Line that was supposed to smuggle the drugs into the facility. Investigation started on 9-21-2016 and concluded 10-04-2016.

ECF 5-2.

The issue is whether there was "some evidence" that Bell was guilty as charged. The hearing officer relied on the above statements, as well as the confidential investigation file and confidential investigation report, which I have reviewed. There is considerable evidence contained in the confidential files that connects Bell to this incident. The evidence in these documents meets the standard of "some evidence" necessary to support the hearing officer's finding of guilt. The decision was not arbitrary or unreasonable, and Bell is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Bell also claims he is entitled to habeas corpus relief because the Conduct Report was not signed by the reporting officer's immediate supervisor. But to the extent that IDOC policy requires a supervisor's signature, that has no relevance here. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *See id.* at 68 ("state-law violations provide no basis for federal habeas relief").

Finally, Bell argues that the hearing officer relied on inadmissible hearsay evidence. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Federal Rules of Evidence do not apply to prison disciplinary hearings. *See Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000); *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983) (upholding disciplinary finding of guilt where "the Institution Discipline Committee had direct evidence from a staff source, albeit presented in the form of hearsay"). Thus, Bell is not entitled to habeas corpus relief based on the hearing officer's reliance on hearsay evidence.

ACCORDINGLY:

Joseph Bell's petition (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: October 27, 2017.    /s/ Philip P. Simon
Judge
United States District Court